UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ANTHONY DIAZ, on behalf of himself and
others similarly situated,

                                  Plaintiff,

      v.

                                                                           Case No: 15 CV 6311 (KMK)

CIOTOLOA SPRINKLER SYSTEMS, INC.
d/b/a EVERGREEN IRRIGATION, and
PIETRO CIOTOLA, as Pres. and Individually,

                                  Defendants.
-------------------------------------------------------------------------X

## SETTLEMENT STIPULATION AND
## MUTUAL RELEASES OF CLAIMS AND COUNTERCLAIMS

      This is a Settlement Stipulation and Release ("Stipulation"), entered into by and between Anthony Diaz (hereinafter referred to as "Plaintiff"), and Ciotola Sprinkler Systems, Inc. d/b/a Evergreen Irrigation, and Pietro Ciotola, as President and Individually, and their predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives, (hereinafter collectively referred to as the "Defendants" ).

      WHEREAS, on August 11, 2015, Plaintiff filed a suit for damages entitled *Anthony Diaz on behalf of himself and others similarly situated v. Ciotoloa Sprinkler Systems, Inc., d/b/a Evergreen Irrigation, and Pietro Ciotola, as Pres. and Individually,* in the United States District Court for the Southern District of New York, Civil Action No. 15-CV-6311 (KMK)) (hereinafter referred to as the "Complaint"), alleging claims for, among other claims, unpaid wages, unpaid overtime compensation, spread of hours payments and retaliation under the federal Fair Labor Standards Act and New York State Labor Law; and,

WHEREAS, on October 6, 2015 Defendants filed an Answer denying the claims and any and all liability for wages and damages as set forth in the Complaint; with Counterclaims for money damages in the amount of $50,000.00 for unlawful residence in, and unlawful possession of Defendants residential property, including but not limited to unpaid rent; and

WHEREAS, on October 16, 2015 Plaintiff filed an Answer to the Defendants' Counterclaims denying the claims and any and all liability for the claims; and

WHEREAS, Plaintiff and the Defendants having considered the totality of the circumstances of their respective claims, including but not limited to,

a. the extreme disparity in the parties view of the range of Plaintiff's entitlement to unpaid overtime; attributable to <u>disputes of fact</u> with respect to, but not limited to: the rate of pay; hours worked for which overtime was not allegedly paid, records documenting the bulk of hours worked and wages paid; the amounts of cash paid in addition to documented wages to compensate for overtime; the oral promise to pay commissions and the lack of allegations with respect to customers obtained, whether the Plaintiff was terminated or just failed to return to the job which was only seasonal with no entitlement to work beyond the sprinkler installation season; the legal entitlement to spread of hour wages given payment of wages in excess of the minimum; and the legal entitlement to both liquidated and punitive damages if willfulness not proven;

b. the avoidance of legal fees and expenses attributable to discovery, which would require document production and approximately 4-5 depositions, interrogatories and notices to admit, without any likelihood matters could be resolved by summary judgment or without a trial as the majority of facts are in dispute and cannot be



resolved without a trial, the outcome of which would by necessity be predicated upon the credibility of the parties and their witnesses, all of which would significantly outweigh the recovery to which the Plaintiff would be entitled, if anything, if the Defendants were to prevail on the illegal residence and non-payment of rent claim;

c. the seriousness of the above litigation risks faced by the parties; and the absence of collusion or fraud given the representation of each party by independent counsel;

d. the nature of the claims are for the most part individual to the Plaintiff in that the Defendant business is a small family business with between 9-11 employees (except for Plaintiff this year) in past years, five of which are family members and the balance of which are longstanding employees that have to date expressed no interest in the collective action despite knowledge by some of the employees, if not all, of the collective action, the unlikelihood that Plaintiff would pursue a class action and the lack of an industry similar to the Defendant's that would warrant a trial for a pointed industry determination;

e. the likelihood of reoccurrence is negligible given the alleged good faith efforts of Defendants' to comport with applicable law and the lack of any prior claims or actions against Defendants for non-payment of wages, commissions, retaliatory discharge or any other claims in or related to those in the complaint; and

f. the parties are extremely desirous of resolving this matter, putting it behind them and are satisfied that it is fair and reasonable given the above considerations;

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Stipulation, the sufficiency of which is hereby acknowledged, Plaintiff and the Defendants hereby agree and stipulate as follows:

3

A. **Settlement Payments**

1. Defendants shall pay to Plaintiff, Anthony Diaz the sum of Ten Thousand Dollars ($10,000.00) for unpaid wages. The amount of unpaid wages shall be included in Plaintiffs' W-2 for the appropriate time period and withholding taxes for the amount of wages will be paid by Defendants.

2. Defendants shall also pay to Plaintiff Anthony Diaz, payable to Lee Nuwersa, Esq., as attorney, the sum of Ten Thousand Dollars ($10,000) for liquidated damages, without any withholdings. A Form 1099 will be issued to Lee Nuwersa, Esq. for this amount.

3. Defendants shall pay Lee Nuwesra, Esq. as and for legal fees (reduced from $15,750 comprised of thirty-five (35) hours at $450.00 per hour actually accrued) the sum of Seven Thousand Five Hundred Dollars ($7,500.00). The Defendants will issue a Form 1099 to Lee Nuwesra, Esq. for this amount.

4. The above payments shall be paid by check and delivered to Lee Nuwesra, Esq. at his offices located at One Grand Central Place, 60 East 42nd Street, Suite 1132, New York, NY 10165 address within two weeks of this Stipulation being entered as an order of the Court and subsequent to Plaintiff vacating the premises of 140 Winfred Avenue, Yonkers, NY 10704 by December 15, 2015.

5. Defendants acknowledge that Plaintiff vacated the premises located a 140 Winfred Avenue, Yonkers, NY by December 15, 2015, and that Defendants upon inspection of the premises found it to be in acceptable order.

6. The settlement payments described in Paragraphs 1-3 above will be paid to Plaintiff and/or Plaintiff's counsel in exchange for Plaintiff's release of all claims



4

and other promises related to, arising from, or involving Plaintiff's claims in the Complaint, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs, or other relief.

B. **Mutual Waivers/Releases**

7. Plaintiff, on behalf of himself, his spouse, heirs, executors, administrators, successors, assigns, and other personal representatives, freely and unconditionally relinquishes, waives, and releases the Defendants, their parent companies and any of their subsidiaries, divisions, related companies, and their predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives from all possible claims, complaints, liabilities, promises, obligations, demands, agreements, damages (including back pay, overtime, front pay, commissions and the like), debts, dues, sums of money, covenants, and lawsuits of any nature whatsoever, whether presently known or unknown by Plaintiff, which may have arisen with respect to Defendants employment of Plaintiff "All possible claims" includes those arising from, involving or relating to Plaintiff's claims in the Complaint, including but not limited to , any claims arising under the Fair Labor Standards Act, the Civil Rights Act, the Americans with Disabilities Act, the Rehabilitation Act, the Age Discrimination in Employment Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Immigration Reform and Control Act, the National Labor Relations Act, the New York State Human Rights Law, the New York State Whistleblower Law, the New York State Labor Law, the New York Wage Theft



Prevention Act, as well as any and all claims from wrongful or constructive discharge, breach of contract, infliction of emotional distress, libel, slander, or any other tort, common law or contract claim or claim in equity, including but not limited to claims for attorneys' fees, costs and expenses. This release shall not affect or limit: (a) any claims that may arise after the date Plaintiff executes this Stipulation except as provided for herein; or (b) Plaintiff's right to enforce the terms of this Stipulation.

8. Defendants, on behalf of themselves, their spouses, heirs, executors, administrators, successors, assigns, and other personal representatives, freely and unconditionally relinquish, waive, and release the Plaintiff, from all possible claims, complaints, liabilities, promises, obligations, demands, agreements, damages, debts, dues, sums of money, covenants, and lawsuits of any nature whatsoever, whether presently known or unknown arising from, involving or relating to Defendants' counterclaims, Defendants' employment of Plaintiff and for the premises located at 140 Winfred Avenue, Yonkers, NY 10704, including but not limited to claims for attorneys' fees, costs and expenses. This release shall not affect or limit: (a) any claims that may arise after the date Defendants execute this Stipulation; or (b) Defendants' right to enforce the terms of this Stipulation.

C. **Agreement To Refrain From Filing Claims**

9. Plaintiff represents that he has not filed any other lawsuit or initiated any other proceeding against any of the Defendants except the Complaint released herewith. Plaintiff also agrees not to bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Stipulation, and agrees, further, not to



6

permit anyone else to do so on his behalf, to the maximum extent possible under applicable law.

**D.  Dismissal of the Complaint**

10. Contemporaneously with the execution of this Stipulation, Plaintiff and Defendants, by their respective counsel, shall execute a Stipulation and Order of Dismissal, dismissing the Complaint with prejudice.

**E.  No Rehire**

11. Plaintiff agrees that he will not seek or accept re-employment or work as an employee, independent contractor or temporary worker with the Defendants, or any parent, subsidiary or corporation affiliated with the Defendants in the future and that the Defendants are entitled to reject without cause any such application for employment made by Plaintiff.

12. In the event a prospective employer seeks a reference on behalf of Plaintiff, the Defendants agree to provide said prospective employer with a "neutral reference," which shall include an acknowledgement of a prior employment relationship between Plaintiff and the Defendants, the dates of Plaintiff's employment with the Defendants, and Plaintiffs' job position/duties while employed by the Defendants.

**F.  Representations and Acknowledgements**

13. The parties' represent that they have consulted with an attorney of their choosing prior to signing this Stipulation and that this Stipulation is the product of negotiations between Plaintiffs' attorney and the attorneys for the Defendants. The parties further represent that:



7

(a) Each reviewed each and every provision of this Stipulation;

(b) The Stipulation has been explained by their respective attorney;

(c) The Stipulation was written in a manner calculated to be understood ;

(d) The Stipulation is understood by them, including the waiver and mutual releases of claims; and

(e) The Stipulation was voluntarily and knowingly executed.

G. **Non-Admissions**

14. Plaintiff agrees that the Defendants are entering into this Stipulation solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiff understands that by entering into this Stipulation, the Defendants do not acknowledge or admit in any way that Plaintiff's claims in the Complaint have any merit, or that the Defendants engaged in any wrongdoing against Plaintiff or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

15. Whether or not this Stipulation becomes effective, neither this Stipulation, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that

Plaintiff has suffered any damage. Additionally, Plaintiff agrees that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

**H.     Attorneys' Fees and Costs**

16.  Except as set forth in paragraph A (3) above, Plaintiff and Defendants are responsible for their own attorneys' fees and costs in connection with this matter. In the event either party brings an action to enforce the terms of this Stipulation, the prevailing party shall recover the costs and reasonable attorneys' fees from the other party.

**I.     Complete Agreement**

17.  This Stipulation constitutes the full and complete agreement between the parties and fully supersedes any and all prior agreements, commitments or understandings between the parties pertaining to the subject matter thereof.

**J.     Additional Terms**

18.  This Stipulation is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The parties hereby consent to the jurisdiction of the federal and state courts within the State of New York in connection with any dispute concerning this Stipulation.

19.  The language of all parts of this Stipulation shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

20. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Stipulation shall remain fully enforceable.

21. This Stipulation, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Stipulation may not be modified orally.

WHEREFORE, the parties hereto have read the foregoing Stipulation and accept and agree to the provisions contained herein.

By: _____
　　　　Anthony Diaz

STATE OF New York )
　　　　　　　　　　) ss.:
COUNTY OF Bronx )

On the 29 day of January 2016, before me personally came Anthony Diaz to me known, and known to me to be the individual described in and who executed the foregoing Settlement Stipulation and Mutual Releases of Claims and Counterclaims, and duly acknowledged to me that he executed the same.

Sworn to before me this 29
day of January 2016

_____
Notary Public

MEI YIU WONG
Notary Public, State of New York
No. 01WO6197241
Qualified in Bronx County
Commission Expires Nov. 24, 2016

10

By: _____
Pietro Ciotola, Individually and on behalf of Ciotola Sprinkler Systems, Inc. d/b/a Evergreen Irrigation

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF WESTCHESTER    )

On the 2nd day of February 2016, before me personally came Pietro Ciotola to me known, and known to me to be the individual described in and who executed the foregoing Settlement Stipulation and Release, and duly acknowledged to me that he executed the same.

Sworn to before me this 2nd
day of February 2016

_____
Notary Public

Denise J. D'Ambrosio
Notary Public - State of New York
No. 4734408
Qualified in Westchester County
Commission Expires 4/30/2018

11