UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY DIAZ, on behalf of himself and others similarly situated,

                Plaintiff,

-v-

PIETRO CIOTOLA, as President and individually and CIOTOLA SPRINKLER SYSTEMS, INC. d/b/a EVERGREEN IRRIGATION,

                Defendants.

Case No. 15-CV-6311 (KMK)

ORDER

---

KENNETH M. KARAS, District Judge:

By Order dated January 15, 2016, the Court denied the Parties' initial request to approve a proposed settlement without prejudice and invited the Parties to reapply for approval of a settlement addressing the Court's concerns. (Dkt. No. 20.) On February 2, 2016, the Parties filed a joint letter and a new proposed settlement (the "Settlement Stipulation and Mutual Releases of Claims and Counterclaims") for the Court's review. (Dkt. Nos. 21–22.) The only issue preventing the Court's approval of the proposed settlement at that point concerned attorneys' fees, and so on February 11, 2016, the Court ordered that Plaintiff's counsel, Mr. Nuwesra, provide further information related to the provision for attorneys' fees in the proposed settlement. (Dkt. No. 26.)

On February 18, 2016, Mr. Nuwesra submitted a letter stating, among other things, that "the final amount [of attorneys' fees and costs] would be $12,581.67." (Dkt. No. 27.) Mr. Nuwesra arrived at that figure based upon a contractual contingency fee of 33%, which was applied to the "total settlement value" of the proposed settlement agreement. (*Id.*) Included

within the "total settlement value" was "$10,000 for lost wages, $10,000 for liquidated damages, $7,500 for partial attorney's fees, and $8,400 for past due rent from June 2015 to December 2015, at $1,200 a month." (*Id.*) On April 6, 2016, the Court ordered that Mr. Nuwesra explain why he added the partial value of Defendants' disputed counterclaim to the value of the settlement. (Dkt. No. 28.) Mr. Nuwesra responded with a letter dated April 9, 2016, that further detailed the nature of Defendants' counterclaim, but did not explain why the disputed value of a portion of that claim should be added to the pot from which Mr. Nuwesra would calculate his 33% attorneys' fees. (Dkt. No. 29.)

The Court disagrees with Mr. Nuwesra's calculation as he explained it in his February 18, 2016 letter. As discussed in the Court's earlier orders, the settlement entitles Plaintiff to $27,500. In calculating his 33% stake, Mr. Nuwesra cannot add to that amount the value of unpaid rent that he and Plaintiff dispute was owed to Defendants. (*See, e.g.*, Dkt. No. 29 at 2 ("However, [Plaintiff] denied that he was illegally occupying the Apartment."); Settlement Stipulation and Mutual Releases of Claims and Counterclaims 2 (noting that Defendants filed an answer asserting counterclaims seeking "damages in the amount of $50,000 . . . including but not limited to unpaid rent" and that Plaintiff filed an answer to the counterclaims "denying the claims and any and all liability for the claims").) If Mr. Nuwesra were to receive the $12,581.67 he claims he is entitled to, this would represent just under 46% of the settlement payment Plaintiff is set to receive, a percentage the Court finds to be unreasonable. *See, e.g., Beckert v. Ronirubinov*, No. 15-CV-1951, 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) ("[C]ourts in [the Southern District of New York] have declined to award fees representing more than one-third of the total settlement . . . .").

2

However, the Court will approve the settlement to the extent that Mr. Nuwesra's attorneys' fees are limited to 33% of the actual settlement amount of $27,500, which equals $9,166.67.[1] The Court notes that such a percentage is "routinely approved by courts in this Circuit." *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13-CV-3234, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013); *see also Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases."). Additionally, based on Mr. Nuwesra's contemporaneous billing records, he worked just under 36 hours on this matter, and a payment of $9,166.67 therefore represents an hourly rate of approximately $265 per hour, a reasonable rate in a case such as this one. *See, e.g., Meza*, 2015 WL 9161791, at *2 ("[H]ourly rates of approximately $175 to $350—depending on experience—for attorneys working on FLSA litigation are typically approved in [the Southern District of New York] . . . ."); *Melgadejo v. S&D Fruits & Vegetables Inc.*, No. 12-CV-6852, 2015 WL 10353140, at *24 (S.D.N.Y. Oct. 23,

---

[1] In his February 18, 2016 letter, Mr. Nuwesra also added to his proposed total amount of fees and costs an additional $615 for costs he expended and was due under the terms of his retainer agreement with Plaintiff. (*See* Dkt. No. 27 at 1.) While Mr. Nuwesra is correct that paragraph 3(a) of the attached agreement does entitle him to receive reimbursement of costs from Plaintiff, he ignores that paragraph 2(i) states that he is entitled to fees equaling 33.3% "of the gross sum recovered in your action after *deducting from that amount any expenses and disbursements incurred.*" (*See id.* Ex. B (emphasis added).) By requiring Plaintiff to pay him costs *and* 33.3% of the gross sum recovered without deducting those same costs, Mr. Nuwesra essentially would require Plaintiff to pay him 133.3% of the costs and, in this situation, Plaintiff would have to pay Mr. Nuwesra an additional $205. Accordingly, as per the contract, Mr. Nuwesra is actually owed 33.3% of $26,885, which equals $8,961.67, and an additional $615, yielding a total of $9,576.67. However, as noted in the Court's April 6, 2016 Order, the documentation Plaintiff provided to substantiate its claimed $615 in costs included proof of only $215 in payments. (*See* Dkt. No. 28.) The Court directed Mr. Nuwesra to "submit documentation substantiating the remaining $400 in costs," (*id.* at 2 n.1), but Mr. Nuwesra's responsive letter contained no further substantiation, (*see* Dkt. No. 29). Accordingly, the Court's use of $9,166.67 as the entirety of Mr. Nuwesra's entitlement, approximates within a few dollars the amount that Mr. Nuwesra is due under his contract after subtracting the $400 he failed to substantiate from his requested costs reimbursement ($26,885 divided by 3, plus $215).

3

2015) ("[A]ttorneys in FLSA cases typically command hourly rates . . . of between $250 and $450 per hour, depending on their level of experience." (alterations in original)), *adopted by* 2016 WL 554843 (S.D.N.Y. Feb. 9, 2016); *Wong v. Hunda Glass Corp.*, No. 09-CV-4402, 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (noting that "the range of fees in [the Southern District of New York] for civil rights and employment law litigators with approximately ten years experience is between $250 per hour and $350 per hour").

Accordingly, on the condition described above, the Court approves the Settlement Stipulation and Mutual Releases of Claims and Counterclaims. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: White Plains, New York
April 27, 2016

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE